Gabrielle C. Wilson (130642014)
JAYAYARM PLLC
54 W. 21st Street, Suite 801
New York, NY 10010
T: (312) 212-8676

John F. Belcaster (*Pro Hac Vice* forthcoming)
General Counsel for MSCHF Product Studio, Inc.
62 Bayard Street
Brooklyn, NY 11222
T: (312) 841-0008

Attorneys for Plaintiff
*MSCHF Product Studio, Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MSCHF Product Studio, Inc.,<br><br>    Plaintiff,<br><br> v.<br><br>D2 Logistics, Inc.,<br><br>    Defendant. | Civil Action: 2:24-cv-8284 |

### COMPLAINT

### PARTIES

1. The Parties to this action are as follows:

  a. Plaintiff MSCHF Product Studio, Inc. ("MSCHF") is a corporation organized and existing under the laws of the State of Delaware. MSCHF's principal office and address is located at 62 Bayard Street, Brooklyn, New York 11222.

b. Defendant D2 Logistics, Inc. ("D2 Logistics") is a corporation organized and existing under the laws of the State of New Jersey. D2 Logistics principal office and address is located at 52 Butler Street, Elizabeth, New Jersey 07206-1668.

## SUMMARY OF ACTION

2. MSCHF, by and through its undersigned counsel, brings this action against for negligence, bailment, conversion, and gross negligence resulting in the loss of 3,482 pairs of custom sneakers valued at no less than $504,890.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within this District.

## FACTUAL ALLEGATIONS

6. On behalf of MSCHF, D2 Logistics stored 3,482 pairs of custom sneakers at the D2 Logistics facility located at the address stated above.

7. The sneakers had a retail value of $145 per pair, totaling an aggregate retail value of at least $504,890.

8. While under the custody and control of D2 Logistics, all 3,482 pairs of the custom sneakers, with a total retail value of at least $504,890, were stolen.

9. D2 Logistics admitted that during inventory shuffling, they moved the sneakers from a secure warehouse to a less secure 53-foot trailer truck.

10. The trailer truck was not adequately secured.

11. The truck was stolen from the D2 Logistics site during the overnight hours of either Saturday, July 22, 2023, or Saturday, July 29, 2023, after someone with access disabled the truck's security camera and drove the truck off the site.

12. The truck was later found empty in the Bronx, NY, with all of the sneakers missing.

13. MSCHF was informed that 1,900 of these stolen sneakers were being sold in the underground market at significantly reduced prices.

## COUNT I: NEGLIGENCE

14. MSCHF re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

15. D2 Logistics owed a duty of care to MSCHF to protect and securely store the sneakers.

16. D2 Logistics breached this duty by failing to provide adequate security and by negligently storing the sneakers in a vulnerable location.

17. As a direct and proximate result of D2 Logistics' negligence, MSCHF suffered damages, including the deprivation of retail sales, brand de-valuation, and diminution of MSCHF's goodwill.

## COUNT II: BAILMENT

18. MSCHF re-alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

19. By accepting possession of MSCHF's sneakers for storage, D2 Logistics became a bailee with a duty to return the sneakers in their original condition or to maintain adequate security over them.

20. D2 Logistics breached this duty, resulting in the loss of the sneakers.

21.     As a direct and proximate result of this breach, MSCHF suffered damages, including the deprivation of retail sales, brand de-valuation, and diminution of MSCHF's goodwill.

## COUNT III: CONVERSION

22.     MSCHF alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

23.     By permitting the sneakers to be placed in an unsecure location, D2 Logistics exercised unauthorized control over the sneakers, which deprived MSCHF of its property.

24.     This unauthorized control directly led to the theft and loss of the sneakers.

25.     As a direct and proximate result, MSCHF suffered damages, including the deprivation of retail sales, brand de-valuation, and diminution of MSCHF's goodwill.

## COUNT IV: GROSS NEGLIGENCE

26.     MSCHF alleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

27.     D2 Logistics's actions in failing to secure the sneakers were not only negligent but demonstrated a reckless disregard for the ownership rights and safety of MSCHF's property.

28.     As a direct and proximate result of this gross negligence, MSCHF suffered damages, including the deprivation of retail sales, brand de-valuation, and diminution of MSCHF's goodwill.

## PRAYER FOR RELIEF

WHEREFORE, MSCHF respectfully requests that this Court enter judgment against D2 Logistics for:

a. Compensatory damages in the amount of no less than $504,890;

b. Punitive damages in an amount to be determined at trial;

c. Attorneys' fees and Costs of suit; and

d. Such other and further relief as the Court deems just and proper.

**<u>DEMAND FOR JURY TRIAL</u>**

MSCHF hereby demands a trial by jury on all issues so triable.

Dated: August 5, 2024

<u>s/ Gabrielle C. Wilson</u>

Gabrielle C. Wilson (130642014)
JAYARAM PLLC
54 W. 21st Street, Suite 801
New York, NY 10010
T: (312) 212-8676
gabrielle@jayaramlaw.com

John F. Belcaster (*Pro Hac Vice* forthcoming)
62 Bayard Street
Brooklyn, NY 11222
T: (312) 841-0008
John@mschf.xyz

*Counsel for Plaintiff*
*MSCHF Product Studio, Inc.*