**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| MSCHF PRODUCT STUDIO, INC. | : | |
| | : | CIVIL ACTION |
| | : | No. 2:24-CV-08284-BRM-JBC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| D2 LOGISTICS, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Defendant D2 Logistics, Inc., ("D2 Logistics" or "Defendant") hereby respond to the Complaint of Plaintiff, MSCHF Product Studio, Inc. ("Plaintiff" or "MSCHF"), as follows:

**PARTIES**

1a.    Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph, and accordingly, such averments are denied.

1b.    Admitted.

**SUMMARY OF ACTION**

2.    Denied. The Complaint speaks for itself. To the extent the averments contain statements of fact, after reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph, and accordingly, such averments are denied.

**JURISDICTION AND VENUE**

3.      Denied.  The averments of this paragraph are conclusions of law to which no response is required.

4.      Denied.  The averments of this paragraph are conclusions of law to which no response is required.

**FACTUAL ALLEGATIONS**

6.      Admitted in part, denied in part. It is admitted only that Plaintiff stored property at the D2 Logistics facility referred to in the Complaint. The remaining averments are denied.

7.      Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph, and accordingly, such averments are denied.

8.      Admitted in part, denied in part. It is admitted only that items belonging to Plaintiff were stolen from the D2 Logistics facility referred to in the Complaint. All other averments are denied.

9.      Admitted in part, denied in part. It is admitted only that the Plaintiff's property was moved from a warehouse space to a trailer truck. All other averments are denied as stated.

10.     Denied. The averments in this paragraph are denied as stated. The trailer truck was adequately secured.

11.     Admitted in part, denied in part. It is admitted only that items belonging to Plaintiff were stolen from the D2 Logistics facility referred to in the Complaint. All other averments are denied.

12.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph, and accordingly, such averments are denied.

2

13.     Denied. After reasonable investigation, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments set forth in this paragraph, and accordingly, such averments are denied.

## COUNTI: NEGLIGENCE

14.     Defendant incorporates by reference as if set forth at length herein its answers to paragraphs 1-13 of the Complaint.

15.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.

16.     Denied. To the extent the averments of this paragraph constitute conclusions of law to which no response is required, they are denied. It is denied that Defendant breached a duty, it is denied that Defendant failed to provide adequate security, and it is denied that Defendant negligently stored sneakers.

17.     Denied. To the extent the averments of this paragraph constitute conclusions of law to which no response is required, they are denied. It is further denied MSCHF has sustained damages as a result of any action taken by D2 Logistics.

## COUNT II: BAILMENT

18.     Defendant incorporates by reference as if set forth at length herein its answers to paragraphs 1-17 of the Complaint.

19.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.

20.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required.

21.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required, they are denied.  It is further denied MSCHF has sustained damages as a result of any action taken by D2 Logistics.

## COUNT III: CONVERSION

22.     Defendant incorporates by reference as if set forth at length herein its answers to paragraphs 1-21 of the Complaint.

23.     The averments of this paragraph constitute conclusions of law to which no response is required. It is further denied D2 Logistics permitted sneakers to be placed in an unsecure location, or exercised control over sneakers so as to deprive MSCHF of its property.

24.     The averments of this paragraph constitute conclusions of law to which no response is required.  It is further denied D2 Logistics exercised any control over sneakers so as to deprive MSCHF of its property.

25.     Denied.  The averments of this paragraph constitute conclusions of law to which no response is required.  It is further denied MSCHF has sustained damages as a result of any action taken by D2 Logistics.

## COUNT IV: GROSS NEGLIGENCE

26.     Defendant incorporates by reference as if set forth at length herein its answers to paragraphs 1-25 of the Complaint.

27.     The averments of this paragraph constitute conclusions of law to which no response is required. It is further denied D2 Logistics failed to secure sneakers.

28.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required, they are denied. It is further denied MSCHF has sustained damages as a result of any action taken by D2 Logistics.

## DEMAND FOR JURY TRIAL

29. Defendant hereby consents to a jury trial on all issues so triable by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant requests that judgment be entered in its favor and against Plaintiff on all counts of the Complaint, that the Complaint be dismissed with prejudice, and the court award Defendant its costs, expenses, and such other relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

It may be revealed through discovery and investigation that one or more of the following defenses should be available to Defendant in this matter. Defendant accordingly asserts these defenses. Upon completion of discovery, if the facts warrant, Defendant may withdraw any of these defenses as may be appropriate. By setting forth these defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.

Nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to Plaintiff's allegations. Defendant further reserves the right to amend the Answer and to assert additional defenses and other claims, as this matter proceeds.

Further answering, by way of additional defenses, Defendant states as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims must be barred in whole or in part because Defendant at all times acted reasonably and with due care.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims must be barred in whole or in part because did not violate any duty owed Plaintiff in the storing of its property

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be barred in whole or in part because Defendant did not interfere with or deprive Plaintiff of its possessory interest in its property.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be barred in whole or in part because Defendant did not cause any loss of Plaintiff's property.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be barred in whole or in part because Defendant did not exercise any control over Plaintiff's property so as to deprive Plaintiff of its property.

## SEVENTH AFFIRMATIVE DEFENSE

No action or omission by Defendant was the proximate cause of any alleged injury, loss, or damage to Plaintiff and, thus, Plaintiff's claims should be dismissed because there is no causal connection between the events alleged in the Complaint and any damages Plaintiff has allegedly suffered.

## EIGTH AFFIRMATIVE DEFENSE

Plaintiff's claim for damages are barred in whole or in part because of Defendant acted in all times reasonably in its storage of Plaintiff's property.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims should fail in whole or in part to the extent it has suffered no damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged claims to damages are barred, in whole or in part, by the right of Defendant to a set-off against any such damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to mitigate alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, payment, waiver, laches, justification, unclean hands, accord and satisfaction.

Defendant reserves the right to supplement these Affirmative Defenses as discovery develops.

WHEREFORE, Defendant requests that judgment be entered in its favor and against Plaintiff on all counts of the Complaint, that the Complaint be dismissed with prejudice, and that Defendant be awarded reasonable costs, expenses and attorneys' fees, and such other relief as the Court may deem just and proper.

Dated:  October 31, 2024                    By:  ___/s/__*Ralph P. Ferrara*
                                            RALPH P. FERRARA
                                            *Attorney for Defendant*

7

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| MSCHF PRODUCT STUDIO, INC. | : |
|  | : CIVIL ACTION |
|  | : No. 2:24-CV-08284-BRM-JBC |
| Plaintiff, | : |
|  | : |
| v. | : |
|  | : |
| D2 LOGISTICS, INC., | : |
|  | : |
| Defendant. | : |
|  | : |

## <u>CERTIFICATE OF SERVICE</u>

I, ------, hereby certify that on October 31, 2025, I caused a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Complaint to be filed electronically and be served upon the following via the ECF system upon the following counsel of record:

The Defendant's Answer is available for viewing and downloading from the ECF system.

By: ____/s/____

*Attorney for Defendant*